UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

OSVALDO CORDERO, individually and on behalf of
all other past and present similarly situated employees

                   Plaintiffs,

V.L.M., INC. d/b/a RELIABLE BAKERY and
JOSEPH VITACCO

                   Defendants.

------------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

Case No. ★ SEP 27 2010 ★

BROOKLYN OFFICE

CV 10 - 4400

**CLASS ACTION
COMPLAINT
and JURY DEMAND**

TRAGER, J.

J. ORENSTEIN, M.J.

Plaintiff  OSVALDO CORDERO alleges, on behalf of himself and all other similarly situated past and present employees as follows:

## *PRELIMINARY STATEMENT*

1.     This action is being brought pursuant to the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL") to recover minimum wages, overtime compensation and spread of hour wages on behalf of the above captioned plaintiff and their similarly situated co-workers, who are comprised of bakery laborers who currently work or have worked at the defendant V.L.M., INC., and its president and principal officer JOSEPH VITACCO.

2.     The defendant V.LM. INC. is a corporate enterprise that does business under the name RELIABLE BAKERY, and is engaged in the wholesale and retail distribution of breads and other baked products.  The named plaintiff, as well as other similarly situated past and present employees of the defendants were required to work long shifts seven days per week

under sweat shop like conditions. The plaintiff, as well as those similarly situated, were not compensated at rate equivalent to the Federal and State minimum wage laws; much less did they receive any overtime premium.

### THE PARTIES

A.    Plaintiff

3.    The plaintiff OSVALDO CORDERO (hereinafter "Cordero") is an individual residing in Brooklyn, New York.

B.    Defendants

4.    Upon information and belief, the defendant V.L.M., Inc.(hereinafter "V.L.M") was and is a domestic corporation existing by virtue of state law, which does business as Reliable Bakery (hereinafter "Reliable Bakery").

5.    Upon information and belief, the defendant V.L.M.'s principal place of business is 8118 18th Avenue, Brooklyn, New York 11214.

6.    Upon information and belief, the Defendant JOSEPH VITACCO (hereinafter "Vitacco") is an individual whose business address  is 8118 18th Avenue, Brooklyn, New York 11214.

2

7.     Upon information and belief, and at all times relevant to this complaint, the Defendant Vitacco served as a principal, officer and/or manager of the defendant Reliable Bakery.

8.     Upon information and belief, and at all times relevant to this complaint, the Defendant Vitacco exercised a tight and close control over the managerial operations of Reliable Bakery, including the policies and practices concerning employees.

9.     At all times relevant to this complaint, the plaintiff, and similarly situated employees, performed their duties for the defendant Reliable Bakery at the direction and under the control of the Defendant Vitacco.

10.    At all times relevant to this complaint, the Defendant Vitacco issued plaintiff and those similarly situated employees their pay.

11.    At all times relevant to this complaint, with respect to the employees of Reliable Bakery, the Defendant Vitacco supervised employees, made decisions as to hiring and firing, and as to wages.

12.    At all times relevant to this complaint, the Defendant Vitacco acted as plaintiff's employer within the meaning of FLSA and New York State's Labor Law.

3

## *JURISDICTION AND VENUE*

13.     Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et. seq., and plaintiff relies upon 28 U.S.C. § 1367 to invoke Supplemental Jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and 12 NYCRR § 142-2.2.   Additionally, this Court has the authority to issue declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202.

14.     Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the defendants  resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *COLLECTIVE ACTION ALLEGATIONS*

15.     Plaintiffs bring the First and Second Claims pursuant to FLSA on behalf of themselves and all similarly situated past and present employees who have worked as bakery laborers who elect to opt into this Collective Action.

16.     The defendants named herein are liable under FLSA for failing to compensate the plaintiffs in accordance with Federal minimum wage and overtime guidelines.   Upon information and belief, there are many similarly situated current and former employees of the defendants who are owed back wages pursuant to FLSA for overtime and minimum wage violations who would benefit from the issuance of Court ordered and supervised notice of the

4

instant action, permitting them to join this lawsuit. Those similarly situated employees are

known to the defendants, are otherwise identifiable, and can, upon information and belief, be

located by the defendants records. This Court in its discretion can instruct the appropriate form

of Notice pursuant to 29 U.S.C. § 216(b).

### *NEW YORK CLASS ACTION ALLEGATIONS*

17.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the plaintiffs herein

bring the Third, Fourth and Fifth claims under NYLL on behalf of themselves and a class

similarly situated; namely:

> All persons who work or have worked as bakery laborers between
> September 14, 2004 and the date of final judgment in this Class Action.

18.     Excluded from the aforementioned Class are the defendants, their legal

representatives, heirs, officers, assigns and successors, or any individual who at anytime during

the class period had a controlling interest in the defendant Reliable Bakery, or acted as bona fide

supervisors.

19.     Upon information and belief, the members of this class will exceed 100 people

making joinder impracticable. The precise number of members is not known at this point, yet

such knowledge is in the exclusive possession of the defendants.

20.     There are common questions of law and fact that exists as to Class that predominate over any questions affecting class members individually which include, but are not limited to:

    i)     whether the defendants engaged in a pattern and practice of failing to pay class members the applicable minimum wage in violation of NYLL?

    ii)    whether the defendants engaged in a pattern and practice of failing to pay the class members the overtime wages at a premium rate in violation of NYLL?

    iii)   whether the defendants engaged in a pattern and practice of failing to pay class members for spread of hours pay in violation of NYLL?

    vi)   whether the defendants failed to comply with the posting requirements with respect to wages in violation of NYLL?

    v)    whether in accordance with the requirements of NYLL the defendants kept adequate records with respect to wages it paid to its employees?

    vi)   whether in accordance with the requirements of NYLL the defendants furnished the plaintiffs with statements of wages that are compliant with the law?

21.     The typicality requirement is met insofar as the claims of the named plaintiff are typical of the claims of the New York Class he seeks to represent. The statutory and regulatory protections afforded by NYLL asserted herein are applicable to and protective of the named plaintiff and Class members. The named plaintiff as well as the Class members have all been injured as a result of defendants' policy and practice of violating such provisions.

6

22.     Plaintiff will fairly and adequately represent and protect the interest of all Class members. The named plaintiff's claims are typical of the claims belonging to all Class members, and there is no conflict between the plaintiff and Class members. Additionally, the named plaintiff has retained competent counsel who is experienced in complex litigation.

23.     With notions of fairness and efficiency in mind, a class action is the superior method of adjudicating this litigation. The named plaintiff and Class members are victims of the same policy and practice, instituted by the same defendants, which violated the same wage provisions of NYLL. The individual damages sustained by Class members are small in comparison to the cost likely to be incurred in prosecuting this litigation making a unitary action more efficient. Upon information and belief, many of the individual Class members do not have the financial resources to adequately prosecute this claim, and absent a class action they would not have any redress. Furthermore, unitary litigation will ensure a consistent verdict and otherwise obviate the need for duplicative litigation.

24.     In accordance with the Federal Rules of Civil Procedure 23(b)(3) this action can be maintained as a class action.

### *PLAINTIFF'S FACTUAL ALLEGATIONS*

25.     The plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

7

26.     Plaintiff Cordero was hired by the defendants in 1998 and he worked

continuously for the defendants up and until the defendant terminated his employment on August

4, 2010.

27.     Throughout the course of his employment the plaintiff worked seven days per

week and was assigned various labor intensive duties relating to the operation of the bakery.

28.     Consistent with the defendants' policies and practices mentioned herein, the

named plaintiff was injured insofar as he did not receive the proper minimum wage, overtime

pay, and spread of hours pay.

### AS AND FOR A FIRST CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (MINIMUM WAGE)

29.     The plaintiff hereby incorporates all preceding paragraphs of this complaint with

the same force and effect as if fully set forth at length.

30.     At all times relevant to this complaint, defendants were engaged in an industry

having an affect on commerce within the meaning of 29 U.S.C. § 203.

31.     At all times relevant to this complaint, and in the course of their duties, plaintiffs

regularly handled products which had been moved in commerce.

8

32.     As detailed in this complaint, the defendants have engaged in a pattern and practice of wage violations.

33.     In violation of 29 U.S.C. § 206 the defendants have failed to pay plaintiffs, and other members of this Collective action the applicable minimum wage.

34.     The defendants' violation of the aforementioned was intentional, knowing, willful and in bad faith.

35.     All of the foregoing constituted willful and repeated violations, making the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### AS AND FOR A SECOND CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (OVERTIME)

36.     The plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

37.     In violation of 29 U.S.C. § 207 the defendants have failed to pay plaintiff, and other members of this Collective action overtime pay at premium rate of one and one half times their regular rate of pay.

9

38.    The defendants' violation of the aforementioned was intentional, knowing, willful and in bad faith.

39.    All of the foregoing constituted willful and repeated violations, making the applicable statute of limitations three years pursuant to 29 U.S.C. § 255(a).

## AS AND FOR A THIRD CAUSE OF ACTION
## NEW YORK STATE LABOR LAW
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (MINIMUM WAGE)

40.    The plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

41.    The defendants herein willfully and in bad faith violated Article 19 of NYLL § 650 *et. seq.*, and accompanying regulations, by failing to pay plaintiff and other similarly situated Class members the applicable minimum wage.

## AS AND FOR A FOURTH CAUSE OF ACTION
## NEW YORK STATE LABOR LAW
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (OVERTIME)

42.    The plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

43.     The defendants herein knowingly, willfully and in bad faith violated Article 6 of the NYLL § 190 *et. seq.* and its accompanying regulations, namely 12 NYCRR §142-2.2, by failing to pay plaintiff, and his similarly situated Class members, overtime pay at premium rate of at least one and one half times their regular rate of pay.

## AS AND FOR A FIFTH CAUSE OF ACTION
## NEW YORK STATE LABOR LAW
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (SPREAD-OF-HOURS & SPLIT-SHIFT PAY)

44.     The plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

45.     The defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 142-2.4, and its accompanying regulations by failing to pay plaintiff, and the other similarly situated Class members, one hour's pay at minimum wage rate for each day during which the spread of hours exceeded 10 hours.

## JURY DEMAND

46.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

11

### *PRAYER*

*WHEREFORE*, plaintiff, individually and on behalf of other persons similarly situated, prays for relief as follows:

A.   That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have been at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised Notice, been employed by the Defendants as bakery laborers. Such persons shall be informed that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied their duly earned wages;

B.   That, pursuant to FLSA's statutory and regulatory scheme, this Court awards unpaid minimum wages and overtime pay, and an additional equal amount in liquidated damages;

C.   That, pursuant to FLSA § 217, this Court enjoin the defendants from further violating the FLSA;

D.   That, this Court declare that the defendants' violation of FLSA's minimum wage and overtime provisions was knowing and willful;

E.      That, pursuant to NYLL's statutory and regulatory scheme, this Court awards unpaid minimum wages, overtime pay and spread of hours pay;

F.      That, pursuant to NYLL, this Court enjoin the defendants from further violating the applicable State wage and hour laws;

G.      That, this Court certify this case as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

H.      That, this Court designate plaintiff as a Class representatives, and Counsel as Class counsel;

I.      reasonable attorneys' fees and the costs of this action

J.      pre-judgment interest and post-judgment interest

K.      any further relief as this Court may deem just, proper and equitable.

Dated: New York, New York
       September 22, 2010

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

William Cafaro (WC2730)
Attorneys for Plaintiffs
19 West 44th Street, Ste. 1500
New York, New York 10036
(212) 583-7400
File No. 52586

TO:

V.L.M., INC. d/b/a RELIABLE BAKERY
8118 18th Avenue
Brooklyn, New York 11214

JOSEPH VITACCO
8118 18th Avenue
Brooklyn, New York 11214

14