# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**

_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Joseph M. Labuda- Partner
Author's E-Mail Address: joelabuda@mllaborlaw.com
Direct Dial: (516) 303-1380

<u>Via ECF</u>

November 29, 2010

Honorable David G. Trager
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     **Osvaldo Cordero et al v. VLM, Inc. d/b/a Reliable Bakery and Joseph Vitacco**
        **Docket No.: 10-CV-4400**
        <u>**Our File No.: 178-2010**</u>

Dear Judge Trager:

This law firm represents the Defendants, VLM, Inc. d/b/a Reliable Bakery and Joseph Vitacco ("Defendants") in the above-referenced matter. Pursuant to your individual rules, Defendants request a pre-motion conference wherein they intend to seek leave to file a motion to dismiss the Complaint in its entirety pursuant to Fed.R.Civ. Proc. 12(b)(6) for failure to state a cause of action based on a prior class action settlement and time and payroll records showing that Plaintiff was paid properly for all hours made.

Moreover, Defendants seek leave to file a motion to seek the imposition of Fed.R.Civ. Proc. 11 sanctions on Plaintiff and his counsel due to Plaintiff's refusal to withdraw this action after request by Defendants and after production of the aforementioned prior class action settlement and Plaintiff's time and payroll records showing payment in full.

## I.     The Complaint Fails to State a Cause of Action

The Complaint in this action, styled as a class action complaint, seeks to recover pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") minimum wages, overtime compensation and spread of hours wages on behalf of plaintiff, Osvaldo Cordero, and similarly situated workers co-workers, who are comprised of bakery laborers who currently work or have worked for Defendants.  See Complaint, ¶ 1.

In 2007, an action against the same Defendants (also styled as a class action complaint) was commenced in the U.S. District Court, Eastern District of New York by plaintiff Armando Guzman and Jose Garcia ("Guzman action"), seeking the same form of recovery under the FLSA

Honorable David G. Trager
United States District Court
Eastern District of New York
November 29, 2010
Page 2 of 3

and NYLL as in the instant action. *See Guzman et al. v. VLM, Inc. et al*, 07-CV-1126 (EDNY). The Garcia action was certified as a class action under Fed.R.Civ. Proc. 23. On August 14, 2009, the Court approved a settlement covering all NYLL claims by class members against Defendants for the period of March 16, 2001 to December 31, 2008.

In his Complaint, Plaintiff alleges that he worked for Defendants from 1998 until his termination on August 4, 2010. See Complaint, ¶ 26. As such, Plaintiff was employed by Defendants during the pendency of the Garcia action and was among the class of persons named in the class action. Plaintiff did not opt out of the Garcia class action. As such, Plaintiff's state class claims for the period of 1998 until December 31, 2008 must be dismissed in their entirety for failure to state a cause of action. On or about October 21, 2010, Defendants' counsel had a telephone conversation with Plaintiff's counsel, and he had agreed that Plaintiff lacks any state class claims under Fed.R.Civ. Proc. 23 for the aforementioned period of time.

Plaintiff's remaining claim under the FLSA allows for a maximum recovery of three years prior to the filing of this action, i.e., September 27, 2007. Defendants produced to Plaintiff representative weekly time and pay records signed by Plaintiff for each of the three years prior to the filing of this action. (A copy of the representative time and pay records for Plaintiff are attached hereto as Exhibit "A".) These time and pay records show the amount of hours worked by Plaintiff, Plaintiff's hourly rate of pay for regular and overtime hours, that Plaintiff was paid time and a half for all overtime work and Plaintiff's signature.[1] Later, as per the request by Plaintiff, Defendants produced the <u>complete</u> time and pay records with Plaintiff's signature for the three years prior to the filing of this action.

It is clear that Plaintiff received these time and pay records which placed Plaintiff on notice of his pay rate and hours worked since (i) Plaintiff signed these time and payroll sheets each week, (ii) the time/payroll sheets clearly indicate Plaintiff's hours and his pay and that he received overtime pay, and (iii) all of the time/payroll sheets have his signature. Defendants also produced the Form I-9 signed by Plaintiff. Clearly, these signed time and pay records demonstrate one hundred percent (100%) compliance with the FLSA and are sufficient grounds to dismiss the Complaint.[2]

In a letter dated October 28, 2010, Defendants reiterated the above and warned that if Plaintiff did not withdraw this case by November 5, 2010, Defendants would move to dismiss

---

[1] The time on these records was recorded on a daily basis by the Company's hand-scan device which Plaintiff and all employees were required to use.

[2] Pursuant to Fed.R.Civ. Proc. 12(d), the Court has the discretion to convert a Fed.R.Civ. Proc. 12(b)(6) motion to dismiss into a Fed.R.Civ. Proc. 56 motion for summary judgment, in order to afford the parties the opportunity to present material outside of a pleading. *See Global Network Communs., Inc. v. City of New York*, 458 F.3d 150, 154-155 (2d Cir. 2006); *Friedl v. City of New York*, 210 F.3d 79, 83-84 (2d Cir. 2000).

Honorable David G. Trager
United States District Court
Eastern District of New York
November 29, 2010
Page 3 of 3

the Complaint and move for sanctions and fees.  (A copy of the October 28, 2010 letter is attached hereto as Exhibit "B".)

Despite the above, to date, Plaintiff has refused to withdraw this action, or otherwise respond to Defendants' letter of October 28, 2010.

## II.      Rule 11 Sanctions Should Be Imposed Against Plaintiff And His Attorney

Pursuant to Fed.R.Civ. Proc. Rule 11(b)(1), by presenting to the court a pleading or other paper, an attorney certifies that to the best of their knowledge, it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.  Pursuant to Fed.R.Civ. Proc. 11(b)(3), an attorney must certify that to the best of their knowledge, the factual contentions have evidentiary support.  Courts have imposed Rule 11 sanctions when an attorney has failed to properly investigate a claim before filing suit.  *See, eg., View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000) (affirming the district court's imposition of sanctions where counsel had failed to conduct a reasonable inquiry for the purpose of filing patent infringement claims).  Moreover, pursuant to Fed.R.Civ. Proc. Rule 11(c)(1), the court may impose sanctions for violations of Fed.R.Civ. Proc. 11(b).  In fact, pursuant to Fed.R.Civ. Proc. Rule 11(c)(3), the court may sua sponte order an attorney to show cause as to why their conduct has not violated Fed.R.Civ. Proc. 11(b).

As noted above, there are no New York class claims in this matter for the period of 1998 until December 31, 2008, as Plaintiff did not opt out of the class action in *Guzman et al. v. VLM, Inc. et al*, 07-CV-1126 (EDNY).  Moreover, Plaintiff's remaining claim under the FLSA allows for a maximum recovery of three years prior to the filing of this action, i.e., September 27, 2007. Defendants have produced for Plaintiff's review the complete time and pay records with Plaintiff's signature for the three years prior to the filing of this action, and the time sheets clearly indicate Plaintiff's hours and his pay and that he received overtime pay.

Therefore, there is no longer any reason to continue this lawsuit.  Plaintiff should have discontinued this action and his failure to do so constitutes clearly sanctionable conduct under Fed.R.Civ. Proc. 11.

Thank you for your attention to this matter.

Respectfully submitted,

**MILMAN LABUDA LAW GROUP, PLLC**

/s/ _____

Enclosures                                    Joseph M. Labuda
cc:     William Cafaro, Esq.- via ECF